IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-264-FL

| | |
|---|---|
| JOHN KIMIRI GATHAIYA and SALLY NJOKI NGUGI, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     ORDER<br>)<br>) |
| UNITED AIRLINES | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court upon defendant's motion to dismiss (DE 7), and upon plaintiff's correspondence directed to the court, including document filed September 7, 2017, requesting extension of time or in the alternative voluntary dismissal without prejudice (DE 16).

## BACKGROUND

Plaintiffs commenced this action pro se asserting that defendant violated "federal law" based upon the following allegations:

> Plaintiffs purchased roundtrip to Kenya from Raleigh NC. Plaintiffs were early for flight and were checked in and issued boarding passes and bags checked in. Mechanical failures cause significant delays thereby the plaintiffs missed their connecting flights and bags were lost. Plaintiffs had limited time in Kenya and the delay ruined the trip for the plaintiffs who only had One week scheduled in Kenya. Plaintiffs were on vacation at work which was wasted in transit. Defendants failed to adequately accommodate and compensate the plaintiffs. Plaintiffs did not have access to their bags during the short stay in Kenya. Plaintiffs incurred unnecessary and unplanned expenses due to defendants actions. Plaintiffs suffered emotional distress due to Defendants actions. Defendants actions have not been excused.

(Compl. at 2). Plaintiffs seek the following relief:

> Entry of judgment for plaintiff for damages to recover for expenses incurred for transportation costs, accommodation costs, food expenses, luggage expenses costs to replace clothes, costs for transportation, wasted vacation pay and lost wages. Recover damages for emotional distress.

(Id. at 3). Defendant moves to dismiss on multiple grounds: 1) plaintiffs do not plead any basis for federal jurisdiction; 2) there is no mention of the legal basis for their claim; 3) any claim based upon the facts alleged is substantially limited by the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, at 27 (2000), 2242 U.N.T.S. 350 (the "Montreal Convention"), and plaintiffs have not pleaded a claim under the terms of that convention.

Plaintiffs sought, and the court granted, two extensions of time to file a response to the instant motion to dismiss, with latest response due September 13, 2017. On September 7, 2017, plaintiffs filed a document expressing appreciation for extensions of time, asking for advice on whether they can represent themselves as they have not been able to obtain or afford a lawyer, and, in the event dismissal is required, asking for dismissal without prejudice so that they can refile in a small claims court. On September 13, 2017, plaintiffs delivered to the court, but the court has not filed, an additional letter requesting extension of time and an additional letter requesting voluntary dismissal without prejudice.

## COURT'S DISCUSSION

The court does not reach at this juncture the merits of defendant's motion to dismiss, in light of plaintiffs' requests for extension of time and for voluntary dismissal without prejudice. Due to the nature of the documents plaintiffs filed and delivered to the court, the court DIRECTS the clerk to designate the document filed September 7, 2017, as a motion for extension of time or, in the alternative, motion for voluntary dismissal without prejudice. The court DIRECTS the clerk to file

2

the letters delivered September 13, 2017, combined, as a motion for extension of time or, in the alternative, motion for voluntary dismissal without prejudice.

In light of all the circumstances presented, including the nature and form of the complaint, the arguments raised by defendant in moving to dismiss, and plaintiffs' expressed inability to gather a response thereto, the court in its discretion DENIES plaintiffs' motions for further extension of time. However, voluntary dismissal without prejudice is appropriate under the circumstances. Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," as is the case here. Fed. R. Civ. P. 41(a)(1)(A)(i). Such a dismissal is without prejudice. Id. 41(a)(1)(B). Accordingly, plaintiffs' alternative motion for voluntary dismissal without prejudice is GRANTED.

## CONCLUSION

Based on the foregoing, the court DIRECTS the clerk to designate the document filed September 7, 2017, (DE 16), as a motion for extension of time or, in the alternative, motion for voluntary dismissal without prejudice. The court DIRECTS the clerk to file the letters delivered September 13, 2017, combined, as a motion for extension of time or, in the alternative, motion for voluntary dismissal without prejudice. So construed, plaintiffs' motions for extension are DENIED and plaintiffs' motions for voluntary dismissal without prejudice are GRANTED. This action is DISMISSED WITHOUT PREJUDICE, and the clerk is DIRECTED to close this case. Accordingly, defendant's motion to dismiss (DE 7) is DENIED AS MOOT.

SO ORDERED, this the 4th day of October, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge